IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01716-EWN-MEH

MAURICE L. HARPER,

      Applicant,

v.

LARRY REID,

      Respondent.

---

RECOMMENDATION FOR DISMISSAL

---

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

## INTRODUCTION

Applicant has pending before this court an Amended Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"). Respondent has filed his Answer, and the Applicant has submitted his Traverse. Pursuant to 28 U.S.C. § 636(b)(1)(B), and D.C.COLO.LCivR 72.1, this matter has been referred to me for Recommendation on matters which are dispositive.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Applicant is a Colorado State prisoner, who has filed a *pro se* Amended Application in which he claims that his parole was revoked on November 12, 2003, for a period not to exceed 180 days. On March 12, 2004, Applicant asserts that his parole revocation term was complete and he received a parole board action sheet that stated he was to be released on parole to Denver, but he remains incarcerated at the Colorado Department of Corrections ("CDOC") illegally and in violation of his due process rights. As relief, the Applicant requests that he immediately be released on parole, restoration of 250 days of parole earn time credits, monetary compensation for pain and suffering, and punitive damages in an undetermined amount.

Respondent has filed his Answer in response to the Amended Application. In the Answer, the Respondent argues that the Applicant did not exhaust his state remedies with regard to revocation of his parole, and is therefore barred from seeking relief in this Court, and that his parole was rescinded in accordance with the law. Applicant contends that unusual circumstances prevented his exhaustion of his remedies and that the law was not followed in rescinding his parole.

Because applicant is proceeding without counsel, the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

**DISCUSSION**

On May 10, 2006, and again on August 21, 2006, the Applicant filed notices concerning a change in his address which demonstrates that he is no longer incarcerated at the Centennial Correction Facility in Canon City, Colorado (Dockets #19 and #20).   This Court has verified, and takes judicial notice of the fact that the Applicant was completely and fully discharged from his sentence in this regard on April 29, 2006.[1]   The applicable statute in this matter, 28 U.S.C. § 2241(c)(1), provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody."   A habeas application, however, is not moot merely because the "'in custody' requirement" of the statute is no longer satisfied.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The relevant inquiry is whether the applicant can demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement."  *Id*.  A § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"  *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  To maintain this action, the Applicant must demonstrate that serious collateral consequences of his incarceration exist. In other words, he must demonstrate that there is "some concrete and continuing injury."  *Spencer*, 523 U.S. at 7.

Because the Applicant has been completely and fully discharged from his sentence, "there is nothing for us to remedy."  *Id*. at 18.  "[M]ootness, however it may have come about, simply deprives

---

[1]This Court may take judicial notice of court documents and matters of public record.  *See, e.g., Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *see, also, Southmark Prime Plus, L.P. v. Falzone*, 776 F.Supp. 888, 892 (D.Del. 1991).  Inmate locator histories of the CDOC are a matter of public record, and can be accessed through the CDOC Central Office, 2862 South Circle Drive, Colorado Springs, CO 80906-4195, (719) 579-9580.

[the federal court] of [its] power to act." *Id.* Applicant does make a claim for monetary damages. However, such relief is not appropriate in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 493-94 (1973); *Gille v. Booher*, 2000 WL 1174612, *1 (10th Cir. 2000); *see, also, Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (noting that an application for habeas corpus "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement," while a civil rights action for damages "attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions" (citation omitted)). Accordingly, Applicant's request for habeas relief should be denied.

The issues presented in this matter exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record. Accordingly, an evidentiary hearing in this regard is not required. *See, generally*, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **RECOMMENDED** that the Honorable Edward W. Nottingham **DENY** the Amended Application [Filed September 14, 2005; Docket #5] and enter an Order directing that this case be dismissed in its entirety.

Dated at Denver, Colorado, this 25th day of September, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge